ANTOLINA GAJERO, demandante y apelada, *v.* ENRIQUE VALEDÓN MALDONADO, demandado y apelante.

Núm. ¥699.—*Sometido:* Diciembre 12, 1938. *Resuelto:* Febrero 17, 1939.

*E. Huertas Zayas,* abogado del apelante; *Rafael Atiles Moréu,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 21 de noviembre de 1935 y por escritura número 178 otorgada ante el notario don Felipe Colón Díaz, la demandante apelada vendió al apelante cierta finca rústica de doscientos tres cuerdas descrita en la demanda, por el convenido precio de $10,000, más setenta acciones del Federal Land Bank of Baltimore por $350. De los $10,350, montante del precio de las dos ventas, el comprador retuvo en su poder el importe de ciertas obligaciones a que estaba afecta la finca, tales como hipotecas, contribuciones, etc., y dedujo la canti-

dad de $661 en que se estimó el valor de la última cosecha que percibió la vendedora, pero que las partes convinieron debería pertenecer al comprador por haberse recolectado la cosecha después de iniciarse las negociaciones para la compraventa de la finca. Practicadas estas deducciones, el comprador quedó a deber a la vendedora por concepto del precio de la finca y de las acciones del Banco Federal la cantidad de $2,664.68, que se obligó a pagarle en la siguiente forma: $400 cada mes de diciembre a partir del año 1936, con interés a razón de 5 por ciento anual *pagaderos los intereses con el capital de cada plazo* y con la condición adicional de que si por cualquier circunstancia el demandado *no pudiese abonar un plazo de $400* vencido, se prorrogaría el pago para el siguiente año, pero *"deberá satisfacer los intereses del capital de ese plazo vencido y no satisfecho"*, y en el siguiente año debería satisfacer por lo menos uno de los dos plazos vencidos y sus intereses, y así sucesivamente hasta el pago de la totalidad de la deuda.

Entre las cláusulas de la escritura número 178 antes mencionada, se halla la denominada "Quinta", que dice así:

"Se aclara que si bien dentro de los gravámenes hay uno por vale al portador y por la suma de $397.81, cuando se constituyó, se consignó que la Sra. Gajero era en deber $755.72, y que la mitad de esta suma la pagaría con la cosecha de café y a más tardar el día último del entrante diciembre, lo que deberá cumplir religiosamente; y la de dicho vale el último de diciembre del año 1936, pero *si por cualquier motivo no pagase y tuviese que hacerlo el Sr. Valedón, deducirá tal pago de lo que ha quedado adeudando por la presente."*

En garantía del pago del capital y de un crédito adicional de $200 para intereses y $200 para honorarios de abogado, gastos y costas, el comprador apelante constituyó hipoteca voluntaria a favor de la vendedora apelada sobre la finca de 203 cuerdas objeto del contrato de compraventa y sobre otra de treinta cuerdas y 3,603 metros propiedad del comprador, respondiendo cada una de las fincas y las dos conjuntamente

de la totalidad del precio adeudado, así como del crédito adicional para intereses, costas, gastos y honorarios de abogado en caso de ejecución. Fué condición de dicha hipoteca, además de la que aparece en la cláusula quinta antes transcrita, la siguiente: Que por la falta de pago de dos plazos del capital adeudado, en la forma convenida, o de *los intereses correspondientes de una anualidad,* en uno u otro caso quedaría vencida la hipoteca y estaría la acreedora en aptitud de proceder judicialmente para hacer efectivo cuanto se le adeudare, tanto por concepto del capital e intereses como por la partida de costas, gastos y honorarios de abogado.

Posteriormente, por escritura número 56 de 24 de abril de 1936 ante el mismo notario Sr. Colón Díaz, se modificó la escritura número 178 antes mencionada en el sentido de sustituir la finca de 30 cuerdas por otra, propiedad del comprador, de diez y ocho cuerdas, afecta a una primera hipoteca a favor de la Comisión Rehabilitadora de Puerto Rico por la suma de $1,000. También se convino por dicha escritura número 56 que la demandante rebajaría al deudor la cantidad de $150, quedando así reducida la deuda a $2,514.68, suma total que quedó garantizada con la finca de 203 cuerdas y con la de 18 cuerdas antes aludida.

Además de las obligaciones surgidas del contrato de compraventa a que venimos haciendo referencia, el demandado apelante suscribió un pagaré a la orden de la apelada, por la suma de $460, a vencer el 30 de marzo de 1937, en el cual se expresa lo siguiente: "Me comprometo a pagar el importe de este pagaré con no menos de diez litros de leche que me obligo a remitirle diariamente por un valor de 10 centavos el litro, hasta el total pago del mismo."

Entre noviembre de 1935 y octubre de 1936, el apelante suministró leche a la apelada por la cantidad de $184.79, quedando a deber por concepto del pagaré antes aludido la cantidad de $275.21.

El demandado apelante no satisfizo el importe del plazo del precio de la compraventa que venció el 31 de diciembre

de 1936, ni pagó los intereses correspondientes a dicha anualidad vencida el día último de diciembre del indicado año, ni tampoco ha pagado ninguno de los plazos vencidos al Banco Federal.

Considerando vencido el precio aplazado de la compraventa y habiendo vencido por expiración del término el pagaré de $460, la demandante radicó la demanda de este caso el día 29 de abril de 1937, en cobro de las ameritadas obligaciones.

Excepcionó el demandado, aquí apelante, y contestó a la vez la demanda, alegando que la hipoteca objeto de la primera causa de acción no había vencido por falta de pago de los intereses de la anualidad que venció en diciembre de 1936, alegando en contrario lo siguiente: "Que la demandante convino con el demandado en prorrogar y aplazar el cobro de dichos intereses devengados y no satisfechos, hasta que a dicho demandado le fuere liquidada la cuenta del café que tenía entregado al Banco Cafetero, hecho que hace alrededor de ocho días sucedió en parte, estando aún pendiente de liquidación el total lo que hace considerar al demandado como no vencida dicha prórroga."

Como defensa especial alegó: Que la demandante está impedida de exigir el cumplimiento de dicha obligación, por no haber cumplido ella con la que se impuso por el contrato de compraventa.

Contestando la segunda causa de acción, aceptó el demandado haber suscrito el pagaré por $460, más $50 para gastos, costas y honorarios de abogado en caso de reclamación judicial, para vencer dicho pagaré en marzo de 1937, pero negó estar adeudando a la demandante la suma de $275.21 reclamada por concepto de dicha obligación, alegando en contrario que la demandante aceptó recibir y recibió en abono al mencionado pagaré frutas, especialmente chinas, que el demandado entregó en diversas partidas y por un valor de $31.15.

Que el pagaré o la parte del mismo que adeuda no está vencido, porque la demandante convino con el demandado en aplazar, y aplazó, el cobro del balance de dicho pagaré hasta que al demandado le fuere liquidado el café que tenía entregado al Banco Cafetero, lo cual no se había verificado en la fecha en que se contestó la demanda.

Que tampoco viene obligado a pagar los $50 estipulados en el pagaré para costas, gastos y honorarios de abogado, porque no habiendo vencido la obligación por motivo de la prórroga mencionada, no dió lugar el demandado a la reclamación judicial de dicha obligación.

Celebrado el juicio oral, se dictó con fecha 5 de enero de 1938 la sentencia apelada, cuya parte dispositiva dice así:

"Por tanto, la Corte, como resultado de la prueba practicada y por los fundamentos de su opinión dada y unida a los autos de este caso, y la que se hace formar parte de esta sentencia, resuelve que la ley y los hechos están a favor de la demandante y en contra del demandado y que procede declarar, y declara, con lugar la demanda en sus dos causas de acción, y, como consecuencia, condena al demandado Enrique Valedón a pagar a la demandante Antolina Gajero, la suma de $2,514.68, más los intereses al 5% anual desde el 21 de noviembre de 1936, y $200.00 pactados para costas y honorarios de abogado, por la primera causa de acción, y además $244.06, importe del pagaré, más $50.00 pactados para costas y honorarios de abogado, objeto de la segunda causa de acción."

Se apeló de la sentencia el 3 de febrero de 1938, y no fué hasta el 24 de septiembre del año pasado que se radicó la transcripción de evidencia, a pesar de constar de sesenta y siete páginas solamente. En el alegato del apelante, radicado en diciembre último, se imputa a la corte sentenciadora la comisión de cuatro errores, a saber:

"*Primero:* No resolvió la excepción previa aducida contra la demanda a pesar de haber sido discutida.

"*Segundo:* Cometió error la corte inferior en la apreciación de la prueba, mediando pasión, prejuicio o parcialidad.

"*Tercero:* Cometió error la corte inferior al resolver que la demandante apelada estuvo justificada al no cumplir las condiciones impuéstasle por el contrato.

"*Cuarto:* Cometió error la corte inferior al considerar vencida la deuda."

■ La excepción previa se expuso en el mismo escrito que contenía la contestación. Parece que inadvertidamente el juez entró a considerar los méritos del caso y olvidó hacer el correspondiente pronunciamiento en relación con la excepción previa. Si bien es cierto que debió dictarse una resolución sobre la cuestión de derecho planteada por el demandado, ningún perjuicio le causó tal omisión, porque basta leer la demanda para concluir inmediatamente que aduce hechos suficientes en sus dos causas de acción. En dichas dos causas de acción se alegan dos deudas contraídas por el demandado a favor de la demandante, su vencimiento, y el incumplimiento o falta de pago por el demandado. La excepción es completamente frívola. No existe el primer error.

■ Hemos examinado cuidadosamente la transcripción de evidencia y no sólo no encontramos que haya existido pasión, prejuicio o parcialidad por parte del juez inferior, sino que estamos plenamente convencidos que dirimió correctamente el conflicto en la prueba, de una parte, la de la demandante, basada principalmente en escrituras públicas y en el pagaré cuya autenticidad admitió el demandado, y de la otra parte, la prueba del demandado basada en su declaración oral, que no mereció crédito a la corte sentenciadora y que tampoco lo merece a nosotros, al conocer por el récord sus propias actuaciones y táctica tendente a tomar ventaja sobre la manifiesta ignorancia de la demandante en materia de negocios.

Resulta de la evidencia que hemos reseñado que al celebrarse el contrato de compraventa en noviembre de 1935, el demandado consiguió que la demandante le acreditase al precio de compra la cantidad de $661, importe de la cosecha que ella había recolectado antes de trasmitir el dominio de la finca al demandado, simplemente porque según éste la cose-

cha se recolectó cuando ya se habían iniciado las negociaciones para la venta de la finca. Más tarde consiguió el demandado que la demandante sustituyese la hipoteca que tenía sobre la finca de treinta cuerdas por otra que se constituyó sobre otra finca del demandado, de 18 cuerdas, afecta a una primera hipoteca de $1,000 a favor del Hurricane Commission, y para mayor ventaja consiguió que por la misma escritura la demandante le rebajase $150 del capital adeudado. Recibió los frutos de la finca durante el año 1936, sin pagar a la demandante nada más que $184.79 en leche que le suministró, y cuando convencida aquélla que el comprador no había de cumplir su contrato, le ofreció rescindirlo gratuitamente y cancelar las obligaciones pendientes, todavía le exige el apelante que le entregue $300, obligándola así a instituir este pleito.

▉ Sostiene el apelante que la apelada dejó de cumplir su contrato por no haber pagado ella la suma de $397.81, más sus intereses al 6 por ciento anual, importe de un vale al portador que venció el 31 de diciembre de 1936 y que la demandante se comprometió a pagar, pero olvida el apelante que en la propia escritura donde se impuso la demandante esta obligación, se consignó, en relación con la misma, la siguiente cláusula:

"Si por cualquier motivo no pagase y tuviese que hacerlo el Sr. Valedón, deducirá tal pago de lo que ha quedado adeudando por la presente."

De manera, pues, que era potestativo en la demandante pagar por su cuenta dicha obligación o dejar que fuese satisfecha por el demandado apelante, deduciéndose luego de la cantidad que éste debería pagarle por concepto de la compraventa. No hubo, pues, incumplimiento alguno por parte de la demandante y no existe, por consiguiente, el tercero de los errores señalados.

▉▉ Que la deuda estaba vencida, es cuestión fuera de toda duda. Se obligó el demandado, como hemos visto, a

pagar anualmente la cantidad de $400, y además los intereses correspondientes, y aunque se convino que podría dejar de pagar un plazo de capital para satisfacerlo al año siguiente, expresamente se estipuló que los intereses, sin embargo, no se prorrogarían y que deberían pagarse en todo caso en el mes de diciembre de cada año. No habiendo pagado los intereses correspondientes al año que venció en diciembre de 1936, y habiéndose estipulado en la escritura que el defecto de pago de una anualidad de intereses o de dos anualidades de capital sería causa suficiente para que la vendedora considerase vencida toda la deuda, forzoso es concluir que al dejar de cumplir con el pago de intereses en el año 1936, quedó vencida ipso facto la totalidad de deuda que tenía con la demandante. El pagaré habla por sus propios términos. Se estipuló que vencería el 30 de marzo de 1937. No fué satisfecho y aunque el demandado trató de probar que la demandante le había concedido cierta prórroga, la corte inferior no le dió crédito, con razón, a nuestro juicio, y por consiguiente no hay duda alguna que no se cometió el cuarto y último de los errores señalados.

La demandante solicitó la desestimación de este recurso por entender que el mismo es frívolo y que solamente ha sido instituído con el fin de dilatar los procedimientos. Estamos enteramente de acuerdo con la demandante apelada, y habida cuenta de la actitud del demandado en este caso, creemos hacer buen uso de nuestra discreción condenándole a pagar los honorarios de abogado incurridos en esta corte, que estimamos en la cantidad de $150.

*Por lo expuesto, procede desestimar el recurso y condenar además al demandado al pago de $150 por concepto de honorarios de abogado de la demandante incurridos en los procedimientos habidos en este Tribunal.*

El Juez Presidente Sr. Del Toro no intervino.